†J. SIMPSON ET AL. v. ISAAC N. HOOK.

CANNOT BE MAINTAINED UPON DORMANT JUDGMENT.

In a proceeding in aid of execution under section 5464, Rev. Stat., the action must be founded upon a judgment, and cannot be maintained upon a judgment which had become dormant at the time of the commencement thereof.

†This case in the supreme court was dismissed for failure to file a printed record, October 4, 1892.

Error to the Court of Common Pleas of Morgan county.

ALBAUGH, J.

This is a proceeding in aid of execution under sec. 5464 of the statute.

The plaintiff below alleged in his petition, in substance, that on April 26, 1881, he obtained a judgment against the defendant, Simpson, for the sum of $400, which judgment was still in full force; that on April 18, 1890, an execution was issued thereon and returned unsatisfied; that Simpson had no property subject to levy upon execution It is further alleged that there is money due and payable to Simpson from the estate of one Elizabeth Simpson, deceased, which he asks may be subjected to the payment of his judgment.

Simpson filed an answer in which he denied that the judgment was in full force, and alleged that no execution had issued upon the judgment for more than five years from the time it was rendered, and that, therefore, it had become dormant. Afterwards Judge Hanna and others were made parties, and filed an answer alleging that the fund sought to be reached by the plaintiff Hook, had been assigned to them for legal services, before that time rendered for Simpson. They then set forth the same facts contained in the answer of Simpson

Demurrers were interposed to both of these answers by the plaintiff, which were sustained by the court, and an order and decree made that the fund described in the petition be paid to the plaintiff in satisfaction of his judgment.

The plaintiffs in error now seek to reverse this judgment upon the ground that the court erred in sustaining the demurrers to their answers, and the question presented is whether a judgment creditor can maintain a proceeding under this section of the statute against his judgment debtor upon a judgment which had become dormant before the commencement of the action. It is claimed on behalf of the plaintiffs in error that such a proceeding must be based upon a judgment which can be enforced when the remedy is invoked, while the defendant contends that if the judgment had become dormant, it is, nevertheless, a debt of record, which can be made the predicate of the action. The section under which the relief is sought provides that "when a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in any banking, turnpike, bridge or other joint stock company, or in any money contract, claim or chose in action, due or to become due to him, or in any judgment, or order, or any money, goods or effects which he has in the possession of any person or body politic, or corporation, shall be subject to the payment of the judgment by action"

From an examination of this statute it is clear that the action must be based upon a judgment; also in Clark v Strong, 16 O., 318, it is held that "a bill to subject an equitable interest in land in pursuance of sec. 16 of the act directing the mode of proceeding in chancery, must show a judgment recovered, and that there is not real or personal property of the debtor sufficient to satisfy the same."

It is also well settled that an action may be maintained upon a judgment as a debt of record, whether dormant or not.

By the common law a judgment became dormant if execution did not issue within a year and a day from the time it was rendered It was also held that a year and a day having elapsed since the rendition of the judgment, it was presumed paid. In 2 Blackstone's Com., 421, in speaking of the various modes of enforcing judgments, the author says:

"But all these writs of execution must be sued out within a year and a day after the judgment is entered, otherwise the court concludes *prima facie*, that the judgment is satisfied and extinct. Yet, however, it will grant a writ of *scire facias* in pursuance of the statute, for the defendant to show cause why the judgment should not be revived against him, to which the defendant may plead such matter as he has to allege in order to show why execution should not be issued, or the plaintiff may still bring an action of debt founded upon this dormant judgment, which was the only method of revival allowed by the common law"

Also in Lytle v. Cincinnati M. Co., 4 O., 466, it was held that money made upon a junior judgment in life cannot be distributed to older judgments and levies when five years have elapsed from issuing an execution and the judgment

is not revived.   It is further said in that case that by the common law a plaintiff could not have execution upon a judgment after a year and a day passed, but he was put to his action of debt upon the judgment.   If this statute was in force in this state, it is now abrogated by the statute in which our legislature have undertaken to act upon the same subject matter, and they have, in effect, prevented the issuing of executions by declaring that after the expiration of five years it shall be lawful to maintain an action of debt or sue out a *scire facias* upon judgments, etc. It is a well-settled rule that an execution issued upon a dormant judgment will be set aside on motion, and the goods or money levied upon restored to the judgment debtor.   The reason of the rule is that after the year and day the law presumes the judgment satisfied, and will not permit the debtor to be disturbed by an execution without a *scire facias* or other legal process.   This rule of the common law and its reason apply with equal, if not greater, force to cases under our statute when five years have elapsed and no execution issued.   It necessarily follows that the moneys in controversy cannot be applied to discharge such judgment.   The law presumes it to have been paid, and that presumption must be rebutted by an action or *scire facias*.

The ordinary mode of enforcing a judgment is by execution, and it is only in cases when this cannot be done for the want of property upon which levy can be made that resort can be had to other remedies provided by statute.   While a dormant judgment is as conclusive between the parties as to all rights claimed to exist prior to its rendition as if it had not become dormant, yet by force of the statute it cannot be enforced by execution, the legal presumption prevailing that it has been paid until the contrary appears by revival.   If a judgment cannot be enforced by execution for this reason, we are unable to see upon what principle, or theory, it can be enforced in any of the other modes provided by law.

In answer to the claim made by the defendant in error, that the action may be maintained upon a dormant judgment, as a debt of record, it is sufficient to say, that while an action may be maintained upon a dormant judgment, it is upon the theory that the subject of the action is simply a debt.   In the case before us the action cannot be founded upon a debt; the debt must first be reduced to a judgment in order that the judgment creditor can resort to the remedy provided by the statute to enforce his judgment.

It follows, therefore, that there was error in overruling the demurrers to the answers, for which the judgment will be reversed.

Jenner, J., dissents.

Hanna & Ball, McElhiney, & Danford, for plaintiffs in error.

A. W. Stewart, for defendant in error.